**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| Albert K. Kinnebrew, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| General Revenue Corporation, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| | ) | |

**PRELIMINARY STATEMENT**

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

**PARTIES**

1.     Plaintiff, Albert K. Kinnebrew, is a natural person who resides in Floyd County, Georgia.

2.     Defendant, General Revenue Corporation, is a corporation authorized to do business in Georgia.  Defendant may be served with process via its registered

agent, The Corporation Trust Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Venue is proper in the Rome Division because the conduct complained of herein occurred in Floyd County which is in the Rome Division.

## FACTUAL ALLEGATIONS

7.      Plaintiff is allegedly obligated to pay a loan arising out of attendance at a secondary educational institution. He is thus a "consumer" as defined by15 U.S.C. § 1692a(3).

8.      Defendant is a collection agency specializing in the collection of consumer debt.

9.      Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10.     Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11.     Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.     The Defendant is acting as the collection agent for Full Sail University (hereinafter "Full Sail"). Full Sail is a for-profit educational institution located in Winter Park, Florida.

13.     The Plaintiff has received numerous communications from Defendant attempting to collect this debt over the course of the last year.

14.     On July 29th, 2021, the Defendant sent the Plaintiff a letter of collection on this account.

15.     Defendant's letter indicated that it was collecting a principal balance of $3,806.00 and a "collection cost" of $951.50, for a total of $4,757.50.  A copy of the letter received by the Plaintiff from the Defendant is filed herewith as Exhibit 1.

16.     By its own language, the Defendant is attempting to collect a collection cost that is equal to 25% of the alleged principal due. Id., page 2.

17.     This fee is not authorized under any contractual agreement between the Plaintiff and Full Sail nor is it available to the Defendant under Florida law.

18.     The Defendant's letter contained highly sensitive and personal information related to the Plaintiff, including a) the Plaintiff's name and address; b) the name of the Plaintiff's creditor; c) that the Plaintiff had a debt; d) the exact amount alleged to be owed; e) that the debt was in default; and f) that the debt was being collected by a collection agency.

19.     The letter received by the Plaintiff shows an Intelligent Mail Barcode (IMB) just above the address of the Plaintiff. This bar code has been highlighted on Exhibit 1 for ease of reference.

20.     IMBs are used by the United States Postal Service and contain information that includes the name and other identifying information of the actual sender of the item.

21.     The IMB displayed on the collection letter received by the Plaintiff, when decoded, reveals that the sender was not the Defendant, but rather PSC Info Group (hereinafter "PSC") a mailing service that has no relationship with the Defendant other than that of a service vendor.

22.     The Plaintiff believes and therefore avers that the Defendant communicated the personal information regarding the Plaintiff and his debt to PSC in connection with the debt being collected and for the express purpose of facilitating that collection.

23.     The transmission of this information by the Defendant was an invasion of the Plaintiff's privacy.

24.     Without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. § 1692c(b).

25.     On September 7, 2021 the Plaintiff contacted the Defendant regarding the debt in collection.

26.     He was connected with an individual who identified herself as "Deanna." Defendant verified Plaintiff's identity via personal information including his address and phone number. Upon verifying Plaintiff's phone number, Defendant asked if it could contact Plaintiff at the number.

27.     Plaintiff responded that it could, provided Defendant did not call

between 8:00 a.m. and 5:00 p.m. These are the Plaintiff's work hours and receiving

personal calls, particularly collection calls, would jeopardize his position.

28.     Plaintiff did not seek to bar the Defendant from calling him at any hour

otherwise permitted by law; for example, between 5:00 p.m. and 9:00 p.m.

29.     Despite having specific knowledge that receiving calls during the

period described above would be difficult and inconvenient for the Plaintiff,

Defendant called again on September 23, 2021 at or around 12:01 p.m. causing

Plaintiff's phone to activate and distract him.

### INJURIES-IN-FACT

30.     The FDCPA provides consumers with "statutorily-created rights to be

free from 'being subjected to false, deceptive, unfair, or unconscionable means to

collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016

U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*,

654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir.

2016).

31.     An injury-in-fact sufficient to satisfy Article III standing requirements

"may exist solely by virtue of statutes creating legal rights, the invasion of which

creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

32.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

33.     Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

34.     Defendants acts and omissions caused particularized harm to the Plaintiff in that the false and misleading information provided by Defendant hindered the Plaintiff from making the necessary decisions regarding the prioritization of his debt; the continuing calls during times known to be inconvenient distract him necessary tasks; and the Defendant's communication of the Plaintiff's personal information violated a clear statutory right and was an invasion of Plaintiff's individual privacy.

35.     Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

### DAMAGES

36.     As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)     False statements and representations regarding the amount that can be lawfully collected which hindered the Plaintiff in his prioritization of debt;

c.)     Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

d.)     Disturbance of the Plaintiff's peace and his right to be free of communications from the Defendant by telephone during inconvenient times;

e.)     The Plaintiff suffered a violation of his right to privacy; and,

f.)     Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim and that Defendant would continue to call at inconvenient times and to disseminate private and sensitive information to third parties. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect his demeanor, his ability to engage in daily activities, resulted in sleeplessness, and adversely affected his relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.SC. § 1692c and subparts*

37.     A debt collector may not, without the prior consent of the consumer

given directly to the debt collector or the express permission of a court of competent

jurisdiction, communicate with a consumer in connection with the collection of any

debt at a time or place known or which should be known to be inconvenient to the

consumer.

38.     If calls inconvenient The call made by the Defendant and described in

enumeration 29 was made with the actual knowledge that it was inconvenient for the

Plaintiff.

39.     The call made by Defendant on September 23, 2021 and referenced

herein violated 15 U.S.C. § 1692c(a)(1).

40.     Defendant's communication of Plaintiff's personal information to PSC

as described herein was a violation of 15 U.S.C. § 1692c(b). See, *Hunstein v.*

*Preferred Collection and Management Services, Inc.*, No. 19-14434 (11th Cir. April

21, 2021)

*Violations of 15 U.SC. § 1692e and its subparts*

41.     15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive,

or misleading representations or means in connection with the collection of any debt.

42.    The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading.  *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

43.    The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

44.    Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking,"  "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

45.    A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

46.    A percentage-based collection fee assessed before the collector attempted to collect the balance due does not bear any correlation to the actual cost

of the collector's collection effort and is thus a violation of the FDCPA. *See, Bradley v. Franklin Collection Service, Inc.*, 739F3d 606, 609 (11th Circuit, 2014).

47.    The Defendant's representations that, as of the date of Defendant's letter, the Plaintiff owed 25% more than the face amount of the debt owed to Full Sail as a collection fee was objectively false and materially misleading and a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

48.    The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived lack of sophistication of the Plaintiff.

49.    The Defendant's attempt to collect fees and other charges not expressly authorized by any agreement between the Plaintiff and Full Sail was a violation of 15 U.S.C. §§ 1692f(1).

## COUNT II

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-390, et seq.

50.    Plaintiff incorporates by reference paragraphs 1 through 49 as though fully stated herein.

51.    O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

52.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

53.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

54.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

55.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

56.     Defendant's conduct has implications for the consuming public in general.

57.     Defendant's conduct negatively impacts the consumer marketplace.

58.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

59.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

60.    As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

61.    As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

62.    Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

63.    Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)    Plaintiff's actual damages;

b.)    Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)    Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.)    General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)    Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)     Such other and further relief as may be just and proper.

Respectfully submitted this 30th day of September, 2021.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*